**WO**  KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevlin Omar Brown,<br><br>Plaintiff,<br><br>v.<br><br>Mark Brnovich, et al.,<br><br>Defendants. | No. CV 22-00166-PHX-JAT (MHB)<br><br>**ORDER** |

On January 31, 2022, Plaintiff Kevlin Omar Brown, who is confined in the Arizona State Prison Complex-Tucson, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). In a February 16, 2022 Order, the Court directed Plaintiff to pay the filing fee or file an Application to Proceed In Forma Pauperis. On February 25, 2022, Plaintiff filed a Motion for Extension of Time (Doc. 4) and an Application to Proceed to Proceed In Forma Pauperis. On February 28, 2022, Plaintiff filed an amended Application to Proceed In Forma Pauperis (Doc. 7). The Court will dismiss this action.

**I.     Motion for Extension, Amended Application to Proceed In Forma Pauperis, and Filing Fee**

Because Plaintiff filed his Application to Proceed and Amended Application to Proceed within the filing deadline, the Court will deny as moot the Motion for Extension of Time.

The Court will grant Plaintiff's February 28 Amended Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of

1  $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of
2  $26.40. The remainder of the fee will be collected monthly in payments of 20% of the
3  previous month's income credited to Plaintiff's trust account each time the amount in the
4  account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order
5  requiring the appropriate government agency to collect and forward the fees according to
6  the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III.    Complaint**

Plaintiff names Arizona Attorney General Mark Brnovich and Pinal County Superior Court Judge Lawrence M. Wharton as Defendants in his one-count Complaint and seeks money damages and release from prison.

Plaintiff alleges Defendants violated his Fourteenth Amendment due process rights when they failed to apply new marijuana laws, which Plaintiff asserts are retroactive, to Plaintiff's conviction and denied Plaintiff's recent Rule 32 petition.

**IV.    Failure to State a Claim**

A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's claim that Defendants wrongfully failed to apply new marijuana laws to his conviction and sentence implies the invalidity of his continued detention and is therefore barred by *Heck*.

To the extent Plaintiff seeks the invalidation of his sentence, or any relief which would result in immediate or speedier release, his exclusive remedy is a petition for habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).

**IT IS ORDERED:**

(1) Plaintiff's Motion for Extension of Time (Doc. 4) is **denied** as moot.

(2) Plaintiff's Amended Application to Proceed In Forma Pauperis (Doc. 7) is **granted**.

(3) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $26.40.

(4) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(5) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 4th day of April, 2022.

James A. Teilborg
Senior United States District Judge